# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

Micalyn Harris
625 North Monroe Street
Ridgewood, New Jersey 07450
*Attorney for Plaintiffs*

Re:     **Cutrona v. Lab-Pro Online Systems, et al.,**
        **Docket No. 00-CV-1795 (WJM)**

Dear Counsel:

    This matter is before the Court on plaintiffs' motion for reconsideration.  For the reasons set forth below, this motion is **DENIED**.

    Since the facts of this matter were sufficiently set forth in the March 2005 opinion, the following will be a brief summary.  Plaintiffs Louis J. Cutrona Jr. and WinPro Inc. filed a complaint on April 14, 2000, and an amended complaint on May 3, 2000, against defendants Lab-Pro Online Systems Pty. Ltd**.**, Labtam Europe Ltd., and Labtam Finland Ltd. alleging infringement of the "WINPRO" trademark and service mark, which is owned and registered by plaintiffs.  Default was entered by the Clerk's Office, and plaintiffs then filed a motion for default judgment seeking statutory damages in the amount of $270 million and punitive damages in the amount of $270 million.  Following a proof hearing, this Court by order dated June 26, 2003 permanently enjoined defendants from using the trade name and trademark, including without limitation the mark in any form, "WINPRO," "X-WINPRO," "X-Winpro,""X-WinPro," X-WinPro," "X-WinPro/W-16," "X-WinPro/W-32," "X-THINPRO," and "WINAXE."  This Court further concluded that plaintiffs were not entitled to monetary relief because plaintiffs failed to present proof of actual damages.  On July 30, 2003, plaintiffs' motion for attorney's fees and costs was granted in the amount of $40,317.64.

    On December 19, 2003, plaintiffs filed an order to show cause as to why defendants should not be held in contempt of the June and July 2003 orders.   This was the first time Labtam Inc., which plaintiffs allege was formerly Lab-Pro Online Systems Pty. Ltd., appeared as a party in the pleadings.   This Court issued the order to show cause requesting defendants and Labtam Inc. to appear on April 19, 2004.  Defendants failed to appear; however, Labtam Inc. was

represented by counsel.  At the conclusion of the hearing, this Court issued an order finding named defendants in default of the order to show cause and requiring Labtam Inc. to file opposition papers.  Oral argument was then held on June 22, 2004, where the Court concluded plaintiffs must file a motion for leave to amend or file a new complaint in order to add Labtam Inc. as a party and reserved on its decision as to contempt of the named defendants.  (6/22/04 Tr. 14:15-22).  After consideration of plaintiffs' motion for contempt, this Court issued an opinion concluding that Labtam Finland and its Administrative and Technical Contact, Petri Litmanen, were in contempt of this Court's orders as they had knowledge of the orders and continued to engage in the restricted activity.  This Court further determined that Labtam Europe and Lab-Pro were not properly served, thus they did not have knowledge of the orders and could not be held in contempt.  (*See* 3/31/05 Op. at 6-8.)

Plaintiffs now seek reconsideration, arguing that this Court failed to address plaintiffs' request for a declaratory judgment that the marks designated in the June 26, 2003 order infringe on plaintiffs' name, this Court should determine Labtam Inc. is a successor in interest to Lab-Pro and/or Labtam Europe, and this Court overlooked its prior order requiring plaintiffs to serve all parties pursuant to the Hague Convention.  (Pl. Br. at 3-4).  This motion is **DENIED** for the reasons set forth herein.

### A.  Standard of Review

Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly."  *See NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996); *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).  Local Rule 7.1(g) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  *See Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994); *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989).  Rather, the rule permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked. *See Resorts Int'l v. Great Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995).  Local Rule 7.1(g) requires the moving party to "set[] forth concisely the matters or controlling decisions which counsel believes the [court] has overlooked." *L. Civ. R.* 7.1(g).  A motion under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am.*, 825 F. Supp. at 1220; *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir 1995).

### B.  Analysis

#### (1) Declaratory Relief

Plaintiffs contend that this Court overlooked their request for a declaratory judgment that the names and marks described in the June 2003 order infringe on plaintiffs' names and marks.

(Pl. Br. at 2).  Under Fed. R. Civ. P. 57, "federal courts have broad discretion in fashioning declaratory relief 'where it is appropriate.'" *Marchwinski v. Oliver Tyrone Corp.*, 361 F. Supp. 160, 173 (D.C. Pa. 1978).  The purpose of the Declaratory Judgment Act is "'to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships.'" *Beacon Construction Co., Inc. v. Matco Electric Co., Inc.*, 521 F.2d 392, 397 (2d Cir. 1975).  *See also* 28 U.S.C. § 2201.  This a discretionary decision of the court and is not an absolute right of the party.  *Id.*

The request for declaratory relief in this matter would not act as a catalyst for a speedy inexpensive method to adjudicate the matter since default judgement has already been entered. In addition, it would not settle legal rights as the prior order specifically set forth the names and marks defendants are enjoined from using.  Therefore, this Court does not deem such an action necessary.

### (2) Relationship of Labtam Inc. with Lab-Pro and Labtam Europe

Plaintiffs next request that this Court determine that Labtam Inc. is a successor in interest to Lab-Pro and/or Labtam Europe and is in contempt of this Court's orders.  Plaintiffs have not provided any facts that this Court overlooked in the March 2005 opinion where it concluded plaintiffs failed to establish the relationship between Labtam Inc., Lab-Pro and Labtam Europe. Furthermore, as discussed at oral argument held on June 22, 2004, Labtam Inc. cannot be held in contempt of this Court's orders as it has not been named a party in this action and the appropriate route with which to seek recourse is through an amendment to the complaint or to file a separate cause of action.  (6/22/2004 Tr. 19:24-25).  For the reasons already noted by this Court, Labtam Inc.'s relationship with Lab-Pro and/or Labtam Europe cannot be ascertained; thus, it cannot be held in contempt of this Court's June and July 2003 orders.

### (3) Proper Service of Process

Finally, plaintiffs contend that the Court overlooked its prior orders requiring plaintiffs serve all defendants pursuant to the Hague Convention, thus this Court should conclude Labtam Europe and Lab-Pro were properly served.  This Court determined in its March 2005 opinion that Labtam Europe was not properly served because Australia requires return receipt for service through international postal channels and the correspondence in this matter was returned "unclaimed."  (3/31/05 Op. at 7; Order to Show Cause for Contempt, Exh. C ¶¶ 7, 11). Additionally, this Court concluded that proper service was not effectuated on Lab-Pro because plaintiffs served it at Labtam Inc.'s California address and failed to demonstrate the relationship between the two entities so as to allow this Court to conclude service had been effectuated on Lab-Pro.  This Court further held that even if plaintiffs served Lab-Pro at its Australia address, the record is devoid of service in accordance with Australia's laws.  (3/31/05 Op. at 7-8).

A review of the June and July 2003 orders evidence an order by this Court to serve all defendants pursuant to the Hague Convention.  Under Rule 4(f)(3), service of an individual in a foreign country can be done "by other means not prohibited by international agreement as may be directed by the court."  Fed. R. Civ. P. 4(f)(3).  Service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.  *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  Further, service under Rule 4(f)(3) is no less favorable than other modes of service under the rules.  *Id.* at 1015.  Thus, it is evident that this Court overlooked the fact that it had previously ordered plaintiff to serve pursuant to the Hague Convention.  However, even taking into consideration service under the Hague Convention, this Court still cannot conclude that proper service was effectuated on Labtam Europe and Lab-Pro.

Pursuant to the Hague Service Convention, article 10(a) allows for service through postal channels so long as the state of destination has not objected to such service.  *Practising Law Institute, Litigation and Administrative Practice Course Handbook Series*, 704 PLI/Lit 559, 563 (2004).  Proof of actual receipt is not required in order to effectuate service of process under article 10(a).  *Lidas, Inc. v. United States*, 238 F.3d 1076, 1084 (9th Cir. 2001).  Although Australia is not a signatory to the Hague Convention and cannot object to service through postal channels, its laws specifically set forth the method with which service can be effectuated through international postal channels.  Australia requires service via international postal channels to be accomplished through registered mail with return receipt.  *Practising Law Institute,* 704 PLI/Lit at 1049.  Because the Hague Convention provides a vehicle through which member states can object to service through postal channels, this Court assumes Australia would have objected in the very manner in which its service laws are set-up.[1]  Therefore, it can be concluded that even under the guise of the Hague Convention, service as effectuated by plaintiffs was not proper.

Even if this Court were to determine that service was proper under the Hague Convention, this Court still cannot conclude that either party was properly served.  Plaintiffs served Labtam Europe at its subsidiary's (Lab-Pro) address and served Lab-Pro at Labtam Inc.'s California address.  This Court has determined in both its prior opinion and this opinion that plaintiffs have failed to establish the relationship between Labtam Inc. and Lab-Pro, thus proper service was not effectuated on Lab-Pro.  In regard to Labtam Europe, plaintiffs again have failed to demonstrate the requisite relationship for this Court to find that service on the subsidiary was proper service on the parent.

A parent/subsidiary relationship alone does not create the necessary agency for making service on one through the other.  *See Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336-337 (1925).  "[A] parent company has a separate corporation existence and is treated separately from its subsidiary in the absence of circumstances justifying disregard for the corporation entity."  *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974).  In the

---

[1] Notably, the 1993 Advisory Committee Notes to Fed. R. Civ. P. 4(f)(3) provide that "...an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law."

absence of evidence that the two corporations are not independently operated, service on either the parent or subsidiary is not effective service on the other. *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *I.A.M. Nat'l Pension Fund v. Wakefield Indus.*, 699 F.2d 1254, 1258-59 (D.C. Cir. 1983)). *See also Orbis Marine Enters. v. TEC Marine Lines, Ltd.*, 692 F. Supp. 280, 286 (S.D.N.Y. 1988)).

Plaintiffs failed to provide this Court with evidence that Lab-Pro and Labtam Europe operate as one entity, thus service on the subsidiary corporation cannot be considered service on the parent corporation. Plaintiff merely provides an internet printout describing the organization that states Labtam Europe is the parent company. This printout does not contain an address for Labtam Europe, nor does it detail the relationship between the two entities. (Pl.'s Br. for Contempt at Exh. C.) Therefore, service on Lab-Pro cannot be considered service on Labtam Europe. In conclusion, Labtam Europe and Lab-Pro are not in contempt of this Court's orders because they did not have knowledge of the orders as a result of improper service.

### C. Conclusion

In conclusion, plaintiffs' motion for reconsideration is **DENIED**. An order will be issued consistent with this letter opinion.

/s/William J. Martini

**Dated:** 8/11/05

_____

**William J. Martini, U.S.D.J.**